UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

ROBERT LATE PERRY

Case No. 1:10-cr-216-SEB-KPF-1

ORDER     ON     MOTION     FOR
SENTENCE   REDUCTION   UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00216-SEB-KPF |
| | ) | |
| ROBERT LATE PERRY, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Robert Late Perry has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 239. Mr. Perry requests that the Court convert the remainder of his sentence of imprisonment (currently being served on home confinement) to supervised release[1] based on his risk of severe illness should he contract COVID-19 again. Dkts. 239, 250. For the reasons explained below, his motion is **DENIED**.

## I.    Background

In 2011, Mr. Perry pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 131, 139. Mr. Perry was the leader of a conspiracy to sell cocaine base and determined to be responsible for the distribution of 344.17 grams of cocaine base. Dkt. 125. The Court initially sentenced Mr. Perry to 300 months of imprisonment, which was later reduced to

---

[1] At the time he filed his pro se motion, Mr. Perry was incarcerated at FCI Ashland in Ashland, Kentucky and seeking immediate release from confinement. Dkt. 250. During the pendency of this matter, Mr. Perry was transferred to home confinement pursuant to Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), and is now seeking to convert the remainder of his home confinement to supervised release. Dkt. 269.

240 months, to be followed by a 10-year term of supervised release. Dkts. 139, 237. The Bureau of Prisons ("BOP") lists Mr. Perry's anticipated release date (with good-conduct time included) as January 26, 2028.

In November 2020, Mr. Perry filed an amended pro se motion for compassionate release, arguing that due to his underlying medical condition (hypertensions, pre-diabetes and chronic kidney disease), he was at risk of severe illness from COVID-19 and that if he were sentenced today, he would receive a shorter sentence due to changes to the mandatory minimum sentence for his crime of conviction. Dkt. 250. As a result, Mr. Perry argued that his sentence should be reduced to time served. After an opposition to the motion was filed by the United States, dkt. 253, Mr. Perry filed a pro se reply, dkt. 264, and his newly retained counsel also filed a reply, dkt. 267. In July 2021, the Court entered an order requiring Mr. Perry to show cause why his motion should not be denied based on two recent decisions from the Seventh Circuit that seemingly foreclose the relief he is seeking.[2] Dkt. 268. Mr. Perry filed a response, arguing that—despite his transfer to home confinement pursuant to the CARES Act—his motion is not moot because he may be returned to custody after the state of emergency for the COVID-19 pandemic ends. Dkt. 269. He further argues that despite having received both doses of the Pfizer COVID-19 vaccine, COVID-19 still poses a risk to him because "he is unable to benefit from a vaccine due to his decreased

---

[2] The two Seventh Circuit cases relate to whether the risk of COVID-19 or sentencing disparity can establish extraordinary and compelling reasons warranting compassionate release, respectively. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021) (COVID-19); *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021) (sentencing disparity). The Court's July 30, 2021 order required Mr. Perry to show cause as why his arguments regarding COVID-19 risks and sentencing disparity should not be denied based on *Broadfield* and *Thacker*. Dkt. 268. Mr. Perry's response to the order addresses COVID-19 and *Broadfield*, but it does not address his sentencing disparity and *Thacker* argument. *See* dkt. 269. Accordingly, the Court considers his sentencing disparity argument withdrawn. Even if the argument is not withdrawn, it is clearly foreclosed by *Thacker*, and the Court declines to find extraordinary and compelling reasons based on the disparity between the sentence Mr. Perry received and the sentence he believes he might receive if he were sentenced today.

immune response brought on by his chronic kidney disease, hypertension, prediabetes, and being overweight." *Id.* at 2.

## II.  Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The risk that Mr. Perry faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Perry's fear of being returned to prison and contracting the virus again, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

As acknowledged by Mr. Perry, he is no longer incarcerated in a prison, but instead he was transferred to home confinement. Any potential risks that prisoners face from COVID-19 due to

their living conditions are no longer applicable to Mr. Perry.  While he argues that he "faces the real possibility of being returned to prison," whether he actually returns to prison is mere speculation.  Moreover, even if he is returned to prison at some point in the future, by Mr. Perry's own admission, it will be when the official state of emergency for the COVID-19 pandemic has ended. If the pandemic has subsided enough that the state of emergency has been lifted, it is similarly likely that the risk to Mr. Perry from COVID-19 will also have subsided. Nevertheless, the Court need not make such a determination at this juncture.  At a minimum, the adjudication of a compassionate release motion based on risk from COVID-19 requires an assessment of the situation at the prison at that point in time. The Court is unable to speculate what the prison conditions and the state of the pandemic in society may be if or when Mr. Perry is taken into custody in the future.

Because the Court does not find that extraordinary and compelling reasons have been established, it need not determine whether the § 3553(a) factors warrant relief.

### III.    Conclusion

For the reasons stated above, Mr. Perry's motion for compassionate release, dkt. [239], is **denied**.

**IT IS SO ORDERED.**

Date:    _10/6/2021_

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel