UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-00216-SEB-MG-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ROBERT LATE PERRY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00216-SEB-MG |
| | ) | |
| ROBERT LATE PERRY, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Robert Late Perry has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 280. Mr. Perry has asked the Court for the appointment of counsel. *Id.* For the reasons explained below, his motion is **DENIED**.

## I.     Background

In September 2011, Mr. Perry pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 139. According to the pre-sentence investigation report, Mr. Perry was the leader of a conspiracy to sell cocaine base and determined to be responsible for the distribution of 344.17 grams of cocaine base. Dkt. 125. The Court initially sentenced Mr. Perry to 300 months of imprisonment, which was later reduced to 240 months, to be followed by a 10-year term of supervised release. Dkts. 139, 237. Mr. Perry appears to have been released from prison, as the BOP inmate database now shows his place of incarceration as the Residential Reentry Management field office in Detroit. https://www.bop.gov/inmateloc/ (last visited February 27, 2024).  He is currently scheduled to be released on January 26, 2027. *Id.*

Mr. Perry has filed a *pro se* motion for compassionate release and for the appointment of counsel for the purpose of pursuing compassionate release. Dkt. 280. Mr. Perry also filed a supplement to his motion. Dkt. 283. Mr. Perry states that he was released from incarceration in August 2021 based on the BOP's authority under the CARES Act to move prisoners to home confinement. *Id.* He argues that he establishes extraordinary and compelling reasons for release because he has become an accomplished member of society since his release from prison. *Id.* The Court has concluded that it can resolve the motion without a response from the United States.

## II.   Discussion

### A.   Request for Counsel

Mr. Perry has requested the appointment of counsel to represent him in this matter. Dkt. 280. There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Perry request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. Perry is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving

to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Perry has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For this reason, Mr. Perry has not shown that pro bono counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied.

### B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

4

Mr. Perry argues that his achievements since release establish extraordinary and compelling release. While the strides Mr. Perry has made while serving his sentence are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a stand-alone reason for compassionate release.") (cleaned up). The Court does not find that Mr. Perry's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Because the Court does not find that Mr. Perry has met his burden establish extraordinary and compelling reasons to release him, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.   Conclusion

For the reasons stated above, Mr. Perry's motion for compassionate release and for the appointment of counsel, dkt. [280], is **denied**.

**IT IS SO ORDERED.**

Date: _____3/5/2024_____          _____*Sarah Evans Barker*_____
                                                                  SARAH EVANS BARKER, JUDGE
                                                                  United States District Court
                                                                  Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Robert Late Perry
Register Number: 09845-028
1451 Central Ave. Apt. 5
Indianapolis, IN 46202